PROB 12C
(Rev. 2011)

# United States District Court
for
Middle District of Tennessee

## Petition for Warrant or Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 19]

Name of Offender: Jason Michael Stojak     Case Number: 3:11-00061-01

Name of Sentencing Judicial Officer: Honorable Janis Graham Jack, U.S. District Judge, Southern District of Texas; jurisdiction transferred to Honorable Aleta A. Trauger, U.S. District Judge, on March 21, 2011.

Date of Original Sentence: October 4, 2007

Original Offense: Conspiracy to Possess With Intent to Distribute 303 Kilograms of Marijuana.

Original Sentence: 60 months' imprisonment and 5 years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: December 14, 2010

Assistant U.S. Attorney: Scarlett Singleton     Defense Attorney: Isaiah Gant

### PETITIONING THE COURT

☐ To issue a Summons.
☐ To issue a Warrant.
■ To Consider Additional Violation / Information.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other consider other violations

Considered this 13th day of Dec., 2012, and made a part of the records in the above case.

Honorable Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Lisa A. Capps
U.S. Probation Officer

Place   Columbia, TN

Date    December 13, 2012

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 19, has been amended as follows:

Violation No. 10 has been added detailing how the offender was arrested for DUI.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not commit another federal, state or local crime:**

   On March 17, 2012, in Lawrence County, TN, Jason Stojak did allegedly commit the crime of Driving Under the Influence, in violation of 55-10-401, Tennessee Criminal Code. According to the arrest report, at 2:20 a.m., on March 17, 2012, Tennessee Highway Patrol Trooper Jamie Benefield observed a maroon Tahoe power braking and sliding sideways in the parking lot of Wal-Mart. He located the driver, Jason Stojak, who stated that the Tahoe belonged to him and he had driven it to Wal-Mart. Trooper Benefield noticed that Mr. Stojak had slurred speech, bloodshot and watery eyes, he had a strong odor of alcohol about him and he was unstable on his feet. The Trooper also noted that Mr. Stojak was uncooperative and aggressive. He also noticed that Mr. Stojak had gang affiliated tattoos. Due to Mr. Stojak's demeanor, the Trooper was unable to administer field sobriety tests. Mr. Stojak did consent to being transported to the hospital for a blood alcohol test.

2.   **The defendant shall not commit another federal, state or local crime:**

   On March 17, 2012, in Lawrence County, TN, Jason Stojak did allegedly commit the crime of Reckless Driving, in violation of 55-10-205, Tennessee Criminal Code. Trooper Benefield did obtain surveillance video showing the offender was driving his vehicle in the Wal-Mart parking lot, cutting across the parking lot and not using the travel lanes.

3.   **The defendant shall abstain from the use of alcohol and shall not possess or allow alcohol to be present on his person, residence, vehicle, or any area under his immediate control throughout the term of his supervised release:**

   On March 16 & 17, 2012, the Mr. Stojak allowed alcohol to be brought into his home and he did also consume said alcohol. This officer had informed Mr. Stojak on March 13, 2012, that Your Honor had signed the proposed modification of his term of supervised release, which prohibited him from using or possessing alcohol, on March 8, 2012.

4.  **The defendant shall not commit another federal, state or local crime:**

    On October 19, 2012, in Lawrence County, TN, Jason Stojak did allegedly commit the crime of Driving Under the Influence, in violation of 55-10-401, Tennessee Criminal Code. According to the arrest report, at 12:51 p.m., on October 19, 2012, Lawrenceburg, Tennessee Police Officer Derrick Thomas observed a silver/gray Honda Accord outside it's lane of travel. The vehicle was straddling both east bound lanes of traffic and then crossed the center line. He was arrested for DUI 1st Offense and consented to being transported to the hospital for a blood alcohol test.

    According to the arresting officer, dispatch received a call from an off-duty fireman who was following Mr. Stojak and indicated he was "all over the road." Officer Thomas stopped Mr. Stojak and advised he failed all the field sobriety tests. The officer reported that Mr. Stojak advised him he had cut his finger at work and had been prescribed medication and denied consuming any alcohol. Mr. Stojak was in possession of $1000 cash. Officer Thomas advised the blood test has not been returned from the lab at this time.

5.  **The defendant shall not commit another federal, state or local crime:**

    On October 19, 2012, in Lawrence County, TN, Jason Stojak did allegedly commit the crime of Aggravated Domestic Assault, in violation of 39-13-102, Tennessee Criminal Code. According to the affidavit of complaint, Jason Stojak placed Chelsea Megan Jones, who was his girlfriend at the time, in fear by striking her vehicle with his vehicle in an attempt to make her stop while traveling down Clearview Avenue, Lawrenceburg, Tennessee.

    Aggravated domestic assault is a Class C or Class D felony depending on the circumstances (i.e. whether the assault was intentional or reckless).

6.  **The defendant shall not commit another federal, state or local crime:**

    On October 19, 2012, in Lawrence County, TN, Jason Stojak did allegedly commit the crime of Reckless Endangerment, in violation of 39-13-103, Tennessee Criminal Code. According to the affidavit of complaint, Mr. Stojak, after being told by his girlfriend, Chelsea Megan Jones, that their relationship was over struck her vehicle in an attempt to stop her from leaving. He then proceeded to pull out in front of her on Buffalo Road from Crescent Factory. Ms. Jones' eight year old son was in the vehicle at the time. This incident was observed by Lawrenceburg Police Officer Jason Lee.

7.  **The defendant shall not commit another federal, state or local crime:**

    On October 19, 2012, in Lawrence County, TN, Jason Stojak did allegedly commit the crime of Immediate Notice of Accident, in violation of 55-10-106, Tennessee Criminal Code. According to the affidavit of complaint, Mr. Stojak failed to report an accident which occurred at Crescent Factory and Clearview Avenue that caused damage to a vehicle owned by Chelsea Megan Jones.

8.  **The defendant shall abstain from the use of alcohol and shall not possess or allow alcohol to be present on his person, residence, vehicle, or any area under his immediate control throughout the term of his supervised release:**

    On October 7, 2012, Mr. Stojak allowed alcohol to be brought into his home. USPO Roger Carrier had informed Mr. Stojak on March 13, 2012, that Your Honor had signed the proposed modification of his term of supervised release, which prohibited him from using or possessing alcohol, on March 8, 2012.

9.  **The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency, or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer:**

    During the month of September 2012, Mr. Stojak failed to attend scheduled counseling sessions and had no contact with Centerstone.

10. **The defendant shall not commit another federal, state or local crime:**

    **According to the arrest report, on December 5, 2012, in Lawrence County, Tennessee, Mr. Stojak did allegedly commit the crime of Driving Under the Influence, in violation of 55-10-401, Tennessee Criminal Code.**

**Compliance with Supervision Conditions and Prior Interventions**

Jason Stojak began his term of supervised release on December 14, 2010. His term of supervision expires on December 13, 2015.

On March 5, 2012, a 12B petition and a Waiver of Hearing to Modify Conditions, signed by Mr. Stojak, were filed with the Court, reporting that Mr. Stojak was arrested on February 23, 2012, for DUI and violation of the Implied Consent law. At that time, the probation office requested that the Court consider a modification of the offender's conditions of supervised release to include the following new conditions:

1. The defendant shall abstain from the use of alcohol and shall not possess or allow alcohol to be present on his person, residence, vehicle, or any area under his immediate control throughout his term of supervised release.

2. The defendant shall be on home detention for four (4) months of supervision beginning as soon as practicable. During this period, the defendant is restricted to his residence at all times except for medical or treatment needs, gainful employment, school, religious services, and court appearances as pre-approved by the probation officer. Electronic monitoring, which shall include the use of an approved alcohol detection component, shall be used to monitor compliance.

Said petition was signed by Your Honor on March 8, 2012. Mr. Stojak was installed on home confinement with an alcohol detection unit on March 22, 2012. He completed home confinement on July 22, 2012.
On March 29, 2012, a 12C petition was filed alleging an arrest on March 17, 2012, for DUI, Reckless Driving, and violation of the no alcohol condition. A revocation hearing was scheduled for May 15, 2012. It was continued until July 27, 2012, upon a motion by the government. On July 24, 2012, defense counsel filed a motion with the Court to continue the revocation hearing. The motion was granted by Your Honor and the revocation hearing was scheduled for November 19, 2012. **Mr. Stojak failed to appear for the revocation hearing on November 19, 2012; however, because there was already a warrant for his arrest on the pending violation petition, no further action was taken by the Court.**

### Update of Offender Characteristics:

Jason Stojak is a resident of Lawrence County, Tennessee, and has been under federal supervision of the U.S. Probation Office since December 30, 2010. Mr. Stojak began employment as a warehouse worker at Allied Polymers in Mt. Pleasant on March 23, 2012. The probation officer conducts frequent surprise home visits at the offender's residence. Mr. Stojak completed a drug and alcohol assessment at Lawrence County Centerstone on March 21, 2012. It was recommended that Mr. Stojak attend individual counseling up to two times per month for a period of six months. It was also recommended Mr. Stojak have a psychiatric evaluation for possible medication management. Mr. Stojak began mental health counseling on April 12, 2012. Mr. Stojak missed two sessions during April 2012. He also missed counseling on September 11, 2012, and September 26, 2012. At a home visit on October 7, 2012, Mr. Stojak was directed to contact Centerstone and schedule an appointment. His counselor, Sherri Richardson, advised that he made an appointment for October 25, 2012, which he attended. His next scheduled appointment is October 31, 2012.

Also, during the home visit on October 7, 2012, this officer observed a beer bottle sitting on the living room floor by the couch and a beer carton on a chair in the kitchen. The offender was questioned about the beer and he stated the beer belonged to his son who had recently moved out of the home. Mr. Stojak was reminded that he has a no alcohol condition and he denied that he had been drinking that day.

On October 20, 2012, Mr. Stojak left a voice message advising this officer that he had been arrested for DUI on October 19, 2012.

On October 23, 2012, this officer spoke with Mr. Stojak who indicated he and his girlfriend, Chelsea Jones, had gotten into an argument on October 19, 2012, and he left her house around 12 a.m. to go to work. He related that he had not been drinking, but had taken a Lortab that had been prescribed at the emergency room for a cut to his finger which he sustained at work. He admitted he was driving erratically and he was stopped for suspicion of DUI. He advised that he told the officer he had not been drinking and allowed the officer to escort him to the hospital where blood was drawn. Mr. Stojak indicated he was booked for DUI and bonded out approximately five hours later. Mr. Stojak was reprimanded for driving under the influence of drugs and/or alcohol. Mr. Stojak has a court date for November 1, 2012, in Lawrence County General Sessions Court, Case No. 2012-CR-6788.

On October 24, 2012, this officer spoke with the victim, Chelsea Jones, regarding the incident on October 19, 2012. She indicated that this was the first time in their two-year relationship that she has genuinely felt frightened of the offender. She stated on October 20, 2012, Mr. Stojak called her between 40 and 50 times and that by 6:00 p.m. he was threatening physical harm and she was very frightened. Ms. Jones advised that she does not want any contact with Mr. Stojak, and that when he is drinking and not taking his prescribed medication he becomes a totally different person.

On October 26, 2012, this officer again spoke with Ms. Jones, at which time she advised me about an incident that occurred between her and Mr. Stojak on September 28, 2012. Ms. Jones reported that she cam home early from work and he was in the kitchen arguing with his kids on the telephone. Ms. Jones stated she made a comment to him and he "snapped." He asked for her engagement ring back and when she gave it to him, it "set him off." She stated it got bad, in that he knocked her down and choked her. She didn't call the police because it was the first time he had ever been physically violent with her. However, she did make him leave her home and told him to stay away for a few days.

On October 26, 2012, this officer spoke with Lawrenceburg Police Officer Jason Lee, who advised that while on patrol on October 19, 2012, he observed Ms. Jones stopped at a stop sign on Buffalo Road in Lawrenceburg. She was the second vehicle in line and a third vehicle was behind her. Mr. Stojak was driving on a side street and when Ms. Jones entered the intersection, he lunged his vehicle forward to strike her vehicle, causing the third vehicle to swerve in order to avoid them. Officer Lee stopped Mr. Stojak and proceeded to issue several traffic citations as a result. Mr. Stojak was later arrested on warrants for reckless endangerment, aggravated domestic assault, and immediate notice of an accident, and is out on a $3200 bond. Mr. Stojak has not advised this officer of the additional charges or his arrest.

### U.S. Probation Officer Recommendation:

**It is respectfully requested that the additional violation be considered at the revocation hearing. The U.S. Attorney's Office is agreeable with this recommendation.**

Approved: _____
Kenneth Parham
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. JASON STOJAK, CASE NO. 3:11-00061-01

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 3 years (Class B fel.) 18 U.S.C. § 3583(e)(3) | 18 - 24 months | none |
| **SUPERVISED RELEASE:** | not more than 5 years | up to 5 years less any term of imprisonment 18 U.S.C. 3583(h) | none |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** In the case of a Grade A violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

Lisa A. Capps
U.S. Probation Officer

Approved: Kenneth Parham
Supervising U.S. Probation Officer